**IN THE UNITED STATES DISTRCIT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCINE K. DAVIS,** | **:** | |
| | **:** | |
| Plaintiff, | **:** | |
| | **:** | |
| v. | **:** | Case No. |
| | **:** | |
| **WEIS MARKETS, INC.,** | **:** | **JURY TRIAL DEMANDED** |
| | **:** | |
| Defendant. | **:** | |

_____

**CIVIL ACTION COMPLAINT**

Francine K. Davis, (hereinafter "Plaintiff or "Mrs. Davis"), by and through her counsel, brings this civil action against the Defendant Weis Markets, Inc., alleging that she was subject to a hostile work environment because of her sex, which lead to her constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* and § 5(a) of the Pennsylvania Human Relations Act, 43 P. S. § § 951-963 ("PHRA"). Mrs. Davis seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

**PARTIES**

1. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

2. Francine K. Davis, an adult individual, resides at13 West Savoy St., Pottsville, PA 17901.

3. At all relevant times, Defendant Weis Markets, Inc., a Pennsylvania corporation, has continuously been doing business in the state of Pennsylvania (Juniata County), as well as other states, and has continuously employed at least 15 employees.

1

4.      At all relevant times, Defendant was an "employer" for purposes of Title VII and the PHRA.

5.      At all times relevant hereto, Plaintiff was employed by the Defendant.

6.      At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of which acted within the scope of his or her job responsibilities.

## JURISDICTION AND VENUE

7.      The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

8.      This Court has original subject matter jurisdiction over Mrs. Davis's Title VII claims pursuant 28 U.S.C. § 1331 and supplemental jurisdiction over her PHRA claims pursuant to 28 U.S.C. § 1367.

9.      Mrs. Davis's PHRA claim is so closely related to her Title VII claim that it forms part of the same case or controversy under Article III of the United States Constitution.

10.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

11.      This Court has personal jurisdiction over this matter because the Defendant is located in this District, conducts substantial business activity in this District, and because many of the unlawful acts which gave rise to the claims alleged and described herein occurred in this District.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

12.      The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

2

13.     Plaintiff has fully exhausted her administrative remedies.

14.     Plaintiff dual filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Pennsylvania Human Relations Commission (hereinafter "PHRC"). The EEOC assigned the Charge of Discrimination No. 530-2021-04980 which is attached hereto as Exhibit "A."

15.     On or about July 19, 2023, the EEOC issued a "Determination" finding, a true and correct copy of which is attached hereto as Exhibit "B."

16.     On or about September 19, 2023, the EEOC issued to Plaintiff a "Conciliation Failure and Notice of Rights," a true and correct copy of which is attached hereto as Exhibit "C."

17.     Plaintiff files this Complaint within ninety (90) days of receipt of the notice of right to sue letter relative to Charge No. 530-2021-04980.

18.     Accordingly, Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## STATEMENT OF FACTS

19.     Mrs. Davis was hired on August 4, 2020 as a part-times sales associate in the Deli Department at Defendant's Pottsville store, earning $9.00 per hour.

20.     On January 10, 2021, Mrs. Davis was promoted to a full-time position in the Deli Department at the rate of pay of $15.00 per hour.

21.     On May 9, 2021, Mrs. Davis transferred to a full-time position in the Produce Department, earning $15.00 an hour.

22.     Thereafter, Mrs. Davis reported to and was directly supervised by Produce Manager Joseph Vida.

23.     After her transfer, Mrs. Davis and other female employees, including some who were as young as eighteen (18) years old, were subjected to sever, pervasive, and regular unwanted sexual comments by their direct Supervisor, Joseph Vida, and another male co-worker.

24.     Mrs. Davis was subjected to and continued to be subjected to frequent and unwelcome verbal comments of a sexual and personal nature from direct Supervisor Joseph Vida and another male co-worker until her constructive discharge, including but not limited to:

a.  Josepha Vida would regularly make sexual innuendos with and about produce;

b.  While Mrs. Davis was cutting up produce, Jospeh Vida stated, "did it make you nice and wet?" Josepha Vida, when confronted by Store Manager James Weaknecht, admitted making the statement;

c.  After Mrs. David got her tonsils removed, Joseph Vida told her that he had "something that would make her throat feel better," referring to his penis;

d.  Josepha Vida would tell his younger subordinates, in front of Mrs. Davis, that the teenage employees were "what he was looking for" because they were "innocent;"

e.  Josepha Vida would tell his younger subordinates, in front of Mrs. Davis, that now that they are eighteen (18) that they could have fun together because they were now of age;

f.  Joseph Vida regularly stated that his female subordinates "could use his [home] stripper pole," a photo of which he often showed to his subordinates;

g.  Joseph Vida regularly and overtly watched porn in the workplace; and,

h.  Joseph Vida made comments about a male co-workers sexual orientation in a derogatory manner.

4

25. At all times relevant to this Complaint. Mrs. Davis rejected the unwelcome verbal conduct of a sexual nature from her manager and male co-worker.

26. Mrs. Davis made several internal complaint to Store Manager James Weaknecht who failed to remedy the hostile work environment.

27. In August 2021, Mrs. Davis complained to Store Manager James Weaknecht that she and other employers were being subjected to unwanted sexual comments by their direct supervisor Joseph Vida.

28. Instead of remedying the hostile work environment, Defendant's Store Manager responded to Mrs. Davis stating, "that's just how Josepha Vida is."

29. Not only did Mrs. Davis's direct manager engage in unlawful sexual harassment, which created a hostile work environment as described more fully below, but he also failed to stop other employees from engaging in unlawful sexual harassment, and, reprehensibly, even encouraged it.

30. The conduct was so severe and pervasive that a reasonable person in Mrs. Davis's position would find their work environment to be hostile and abusive.

31. Defendant's conduct was motivated by the fact that Mrs. Davis is a female.

32. On information and belief, Joseph Vida was never disciplined.

33. On information and belief, Joseph Vida, was transferred to Defendant's Pottstown store from their Kutztown store because of similar behavior.

34. Due to the ongoing severe and pervasive sexual harassment in the workplace, and Defendant's failure to remedy it, Mrs. Davis was constructively discharged on September 5, 2021.

35.     On information and belief, other female Produce employees also left their employment because of Joseph Vida's sexual harassment.

36.     As a direct and proximate result of the discriminatory and retaliatory conduct by the Defendant, Mrs. Davis has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

37.     Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Mrs. Davis's protected rights.

38.     The conduct by the Defendant, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against the Defendant pursuant to Title VII.

## COUNT I
### Defendant's Violation of Title VII
### Hostile Work Environment/Constructive Discharge (Sex/Gender)

39.     Plaintiff incorporates the preceding paragraphs by reference as if set forth more fully at length herein.

40.     Plaintiff is a member of a protected class within the meaning of Title VII (sex/gender).

41.     The Plaintiff was subjected to consistent and unwelcome sexual comments and sexual innuendo because of her sex/gender by her co-worker and direct supervisor, Joseph Vida which created a hostile environment.

42.     The sexual/gender harassment was severe, pervasive, and regular.

43.     The discriminatory practices above were unwelcome and offensive.

6

44.    The sexual harassment was so severe or pervasive that a reasonable person in the Plaintiff's position would find the Plaintiff's work environment to be hostile or abusive.

45.    Plaintiff believed her work environment to be hostile or abusive because of Defendant's conduct.

46.    Defendant failed to remediate the pervasive sexual harassment in the workplace.

47.    On September 5, 2021, Plaintiff was constructively discharged.

48.    Defendant's actions are in violation of Title VII.

49.    Defendant is vicariously liable for the harassing conduct of its supervisory employee, Produce Manager Joseph Vida.

50.    Additionally, Defendant is directly liable for its failure to take action, reasonably calculated to ending such conduct and preventing its reoccurrence, in response to the sexually harassing conduct of which it knew or reasonably should have known. .

## <u>COUNT II</u>
### Defendant's Violation of the PHRA
### Hostile Work Environment/Constructive Discharge (Sex/Gender)

51.    Plaintiff incorporates the preceding paragraphs by reference as if set forth more fully at length herein.

52.    Plaintiff is a member of a protected class within the meaning of the PHRA (sex/gender).

53.    Plaintiff was subjected to consistent and unwelcome comments and sexual innuendo by her co-worker and direct supervisor, Joseph Vida, which created a hostile environment because of her sex/gender.

54.    The sexual/gender harassment was severe, pervasive, and regular.

55.    The discriminatory practices were unwelcome and offensive.

7

56.     The sexual harassment was so severe or pervasive that a reasonable person in the Plaintiff's position would find the Plaintiff's work environment to be hostile or abusive.

57.     Plaintiff believed her work environment to be hostile or abusive because of Defendant's conduct.

58.     Defendant failed to remediate the pervasive sexual harassment in the workplace.

59.     On September 5, 2021, Plaintiff was constructively discharged.

60.     Defendant's actions are in violation of the PHRA.

61.     Defendant is vicariously liable for the harassing conduct of its supervisory employee, Produce Manager Joseph Vida.

62.     Additionally, Defendant is directly liable for its failure to take action, reasonably calculated to ending such conduct and preventing its reoccurrence, in response to the sexually harassing conduct of which it knew or reasonably should have known.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mrs. Davis, prays for relief as follows:

(a)     Damages for past and future monetary losses as a result of Defendant's unlawful discrimination;

(b)     Compensatory damages;

(c)     Punitive damages;

(d)     Liquidated damages;

(e)     Damages for emotional pain and suffering;

(f)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which violate Title VII and the PHRA.

(g)     An award of costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

8

(h)    Pre-judgment and post-judgment interest, as provided by law; and

(i)    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Mrs. Davis demands a trial by jury in this action.

Dated:  November 21, 2023                Respectfully submitted,

**WILLIG, WILLIAMS & DAVIDSON**
Ryan Allen Hancock
Attorney I.D. No. 92590
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
rhancock@wwdlaw.com
(215) 656-3679

*Counsel for Plaintiff*

9