IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCINE K. DAVIS, | : | CIVIL ACTION NO. |
| | : | 3:23-CV-01949 |
| Plaintiff | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| WEIS MARKETS, INC. | : | |
| | : | |
| Defendant | : | |

**ANSWER AND AFFIRMATIVE DEFENSES
ON BEHALF OF DEFENDANT, WEIS MARKETS, INC.**

Defendant, Weis Markets, Inc. ("Defendant" or "Weis"), by and through its attorneys, submits the following as its Answer and Affirmative Defenses to Plaintiff's Complaint in the above-captioned matter. Each paragraph of the Second Defense corresponds to the same-numbered paragraph of the Complaint.

**FIRST DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

As to the initial unnumbered paragraph preceding paragraph 1 of the Complaint, the allegations contained therein are conclusions of law to which no affirmative response is required. Defendant denies Plaintiff was discriminated against or was treated unfairly in any way.

1. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

2. Admitted in part and denied in part. It is admitted that Plaintiff is an adult individual. Defendant lacks sufficient knowledge or information to form a basis for belief as to the accuracy of the remaining allegations of Paragraph 2 and, therefore, Defendant denies the same.

3. Defendant admits it employs in excess of 15 employees. The remaining allegations set forth in Paragraph 3 state legal conclusions to which no affirmative response is required.

4. Denied as stated. By way of further response, Defendant admits only it is an employer for purposes of Title VII of the Civil Rights Act and the PHRA. The remaining allegations are denied.

5. Denied as stated. By way of further response, Defendant admits Plaintiff was employed by Defendant. The remaining allegations are denied.

114600664.1

6. The allegations set forth in Paragraph 6 state legal conclusions to which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

7. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

8. The allegations set forth in Paragraph 8 state legal conclusions to which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

9. The allegations set forth in Paragraph 9 state legal conclusions to which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. Defendant denies Davis was discriminated against or harmed in any way.

10. The allegations set forth in Paragraph 10 state legal conclusions to which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. Defendant denies Davis was discriminated against or harmed in any way.

11. The allegations set forth in Paragraph 11 state legal conclusions to which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. Defendant denies it acted unlawfully. Defendant further denies Davis was discriminated against or harmed in any way.

114600664.1

12. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

13. The allegations set forth in Paragraph 13 state legal conclusions to which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

14. Denied as stated.  It is admitted that Plaintiff dual-filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") and Equal Opportunity Commission ("EEOC").  The PHRC/EEOC Complaint is a written document which speaks for itself. Any characterization, representation or interpretation thereof on the part of Plaintiff is specifically denied.

15. Denied as stated.  It is admitted that the EEOC issued a Determination. The document, being in writing, speaks for itself. Any characterization, representation or interpretation thereof on the part of Plaintiff is specifically denied.

16. Denied as stated.  It is admitted that the EEOC issued a "Conciliation Failure and Notice of Rights."  The document, being in writing, speaks for itself. Any characterization, representation or interpretation thereof on the part of Plaintiff is specifically denied.

17. Defendant lacks sufficient knowledge or information to form a basis for belief as to the accuracy of the allegations of Paragraph 17 and, therefore, Defendant denies the same.

114600664.1

18. The allegations set forth in Paragraph 18 state legal conclusions to which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied as stated. By way of further response, Defendant states that, while employed in the Produce Department, Plaintiff's immediate supervisor was Joseph Vida, Produce Manager. The remaining allegations are denied.

23. Denied. Defendant denies Plaintiff or others were subjected to inappropriate or unlawful conduct in any way.

24. a-h. Defendant admits that Plaintiff complained to store manager James Weaknecht that Joe Vida allegedly asked her if "cutting vegetables made her wet." Defendant further admits that, during its initial investigation, it was Defendant's understanding that, while Vida admitted making a comment, he claimed it was not intended in a sexual or inappropriate way. The remaining allegations in paragraphs 24 a-h are denied. Defendant denies Plaintiff or others were subjected to improper or illegal behavior.

25. Denied. Defendant denies Plaintiff was subjected to unwelcome improper or illegal behavior.

26. Defendant admits Plaintiff made a single complaint to store manager James Weaknecht regarding an alleged comment directed at her by Joseph Vida. The remaining allegations of paragraph 26 are denied as stated. By way of further response, Defendant states that, on one other occasion later in August 2021, Plaintiff expressed to Mr. Weaknecht that other female associates in the Produce Department had concerns regarding other comments by Mr. Vida. Plaintiff had no direct knowledge of any such alleged comments and she did not provide Mr. Weaknecht with any names.

27. Defendant admits Plaintiff made a single complaint to store manager James Weaknecht regarding an alleged comment directed at her by Joseph Vida. The remaining allegations of paragraph 27 are denied as stated. By way of further response, Defendant states that, on one other occasion later in August 2021, Plaintiff expressed to Mr. Weaknecht that other female associates in the Produce Department had concerns regarding other comments by Mr. Vida. Plaintiff had no direct knowledge of any such alleged comments and she did not provide Mr. Weaknecht with any names.

28. Denied. Defendant denies Plaintiff was subjected to a hostile work environment or any improper or unlawful conduct.

29. Denied. Defendant denies Plaintiff was subjected to sexual harassment, a hostile work environment or any improper or unlawful conduct

114600664.1

30. Denied. Defendant denies Plaintiff was treated improperly or unlawfully in any way.

31. Denied. Defendant denies Plaintiff was treated improperly or unlawfully in any way.

32. Denied. To the extent any improper or unlawful conduct occurred, Defendant took appropriate remedial action.

33. Respondent admits Mr. Vida was transferred. The remaining allegations of paragraph 33 are denied.

34. The allegations set forth in Paragraph 34 state legal conclusions to which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. Defendant denies Plaintiff was subjected to sexual harassment or any improper or unlawful conduct. Defendant further denies Plaintiff was constructively discharged.

35. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations on Paragraph 35; therefore, Defendant denies the same and demands strict proof thereof. Defendant denies Plaintiff and/or other employees were subjected to sexual harassment or other improper or unlawful conduct.

114600664.1

36. Denied. Defendant denies that Plaintiff is entitled to judgment against it and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant is not liable to Plaintiff.

37. The allegations set forth in Paragraph 37 state legal conclusions to which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. Defendant denies Plaintiff was harassed or discriminated against in any way.

38. The allegations set forth in Paragraph 38 state legal conclusions to which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied. Defendant denies that Plaintiff is entitled to judgment against it and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant is not liable to Plaintiff.

39. Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

40. Defendant admits Plaintiff is female. The remaining allegations set forth in Paragraph 40 state legal conclusions to which no affirmative response is required.

41. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

114600664.1

42. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

43. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

44. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

45. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations on Paragraph 45 relating to what Plaintiff believed; therefore, Defendant denies the same and demands strict proof thereof. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

46. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

47. Denied. Plaintiff voluntarily abandoned her position with Defendant.

48. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

49. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

50. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

114600664.1

51.     Defendant incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

52.     Defendant admits Plaintiff is female.  The remaining allegations set forth in Paragraph 52 state legal conclusions to which no affirmative response is required.

53.     Denied.  Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

54.     Denied.  Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

55.     Denied.  Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

56.     Denied.  Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

57.     Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 57 relating to what Plaintiff believed; therefore, Defendant denies the same and demands strict proof thereof. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

58.     Denied.  Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

59. Denied. Plaintiff voluntarily abandoned her position with Defendant.

60. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

61. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

62. Denied. Defendant denies Plaintiff was subjected to any discriminatory acts or harmed in any way.

With respect to the unnumbered paragraph after paragraph 62 of the Complaint, and those labeled (a)-(i), Defendant denies that Plaintiff is entitled to judgment against it and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant is not liable to Plaintiff.

## THIRD DEFENSE

Subject to discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, justification, waiver and estoppel.

## FOURTH DEFENSE

Subject to discovery, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

114600664.1

## FIFTH DEFENSE

Defendant did not discriminate against and did not retaliate against Plaintiff. Defendant did not violate any of Plaintiff's rights or harm her in any way. To the contrary, Defendant at all times acted lawfully toward Plaintiff.

## SIXTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were made in good faith, without malice, ill-will or reckless indifference and were not willful or outrageous. Defendant had reasonable grounds for believing that its conduct did not violate any laws.

## SEVENTH DEFENSE

Plaintiff's own conduct caused or otherwise contributed to the actions of which she now complains. Plaintiff assumed the risk of her own conduct in this matter.

## EIGHTH DEFENSE

Plaintiff is not entitled to any of the relief prayed for in the Complaint. There is no legal or factual basis for punitive and/or compensatory damages in this case. No willful violation of law or statute occurred. At all times, Defendant exhibited good faith efforts to comply with Title VII and the PHRA.

114600664.1

**NINTH DEFENSE**

No employee, servant or agent of Defendant had at any time, actual, ostensible, or apparent authority or agency to discriminate against Plaintiff, retaliate against Plaintiff or otherwise harm Plaintiff.

**TENTH DEFENSE**

To the extent that any employee of Defendant acted improperly or unlawfully, that employee was acting outside the scope of his or her employment with Defendant, was not acting in furtherance of the business of Defendant and was not actuated by a purpose to serve Defendant.

**ELEVENTH DEFENSE**

Defendant would have taken the same actions and made the same decisions with respect to Plaintiff even in the absence of an alleged retaliatory motive.

**TWELFTH DEFENSE**

To the extent Plaintiff is entitled to damages, such damages are limited by statute.

**THIRTEENTH DEFENSE**

Subject to discovery, Plaintiff's claims and/or alleged damages may be barred or limited by the doctrine of after-acquired evidence.

## FOURTEENTH DEFENSE

Defendant acted in good faith and did not violate any rights Plaintiff may be entitled to under federal or state laws, rules, regulations or guidelines.

## FIFTEENTH DEFENSE

Upon information and belief, and subject to discovery, Plaintiff has failed to mitigate her damages. Plaintiff voluntarily resigned her employment.

## SIXTEENTH DEFENSE

Plaintiff's injuries, damages and other losses alleged to have been suffered as a result of this incident may have pre-existed the date of this incident.

## SEVENTEENTH DEFENSE

Any acts or omission by Defendant were not outrageous, reckless or willful.

## EIGHTEENTH DEFENSE

Defendant is not liable for any injury to Plaintiff which occurred after the termination of the employer/employee relationship.

## NINTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are beyond the scope of any administrative charge filed by Plaintiff with any agency under Title VII or the PHRA.

114600664.1

## TWENTIETH DEFENSE

Defendant Weis maintained a sexual harassment policy with a complaint procedure and has taken other preventative steps. Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonably failed to utilize Defendant Weis' complaint procedure for reporting any actus or sexual harassment. Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant Weis' complaint procedure or to avoid harm otherwise.

## TWENTY FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant Weis took prompt and appropriate corrective action in response to any reports by Plaintiff of alleged misconduct.

## TWENTY SECOND DEFENSE

Plaintiff is not entitled to recover counsel fees under the PHRA. No right to punitive damages exists under the PHRA. Plaintiff is not entitled to a jury trial under the PHRA.

Defendant denies all other allegations in the Complaint that are not specifically admitted or otherwise responded to in this Answer and Affirmative Defenses.

114600664.1

WHEREFORE, Defendant, Weis Markets, Inc., requests that judgment be entered in its favor and against Plaintiff, Francine K. Davis, and that it be awarded attorneys' fees, costs and expenses incurred in defense of this action.

Respectfully Submitted,

*Renee C. Mattei Montgomery*
Renee C. Mattei Montgomery, Esq.
PA ID 73099
rmontgomery@eckertseamans.com
Mark A. Fontana, Esq.
mfontana@eckertseamans.com
PA ID 37602
Eckert Seamans Cherin & Mellott, LLC
213 Market Street, 8th Floor
Harrisburg, PA  17101
(717) 237-7183

Dated:  January 30, 2024          *Counsel for Defendant*

114600664.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January, 2024, a true and correct copy of the foregoing Answer and Affirmative Defenses on Behalf of Defendant, Weis Markets, Inc., was served upon counsel by way of the Court's Electronic Filing System as follows:

> Ryan Allen Hancock, Esquire
> Willig, Williams & Davidson
> 1845 Walnut Street, 24th Floor
> Philadelphia, PA  19103
> rhancock@wwdlaw.com

*Renee C. Mattei Montgomery*
Renee C. Mattei Montgomery

114600664.1